UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOUIS H. SAUNDERS, JR.,

                Plaintiff,

  -against-                              **MEMORANDUM & ORDER**
                                                           23-CV-8733 (LDH) (TAM)

SUPREME COURT OF THE STATE OF
NEW YORK, HON. ROBERT I. CALORAS,

                Defendants.
-----------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

       Plaintiff Louis H. Saunders, Jr., appearing *pro se*, filed this complaint on November 17, 2023, pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). As set forth below, the complaint is dismissed.

## BACKGROUND

       This action arises from Plaintiff's proceedings in Queens County Family Court. Plaintiff brings claims against Judge Robert I. Caloras.[1] Plaintiff alleges that Judge Caloras, the judge presiding over his custody trial, disregarded evidence and granted custody to the mother of his children. (*See* Compl. at 3–7, ECF No. 1.) He seeks unspecified damages and that Judge Caloras be prosecuted and "remov[ed] from the bench." (*Id.* at 8.)

---

[1] It is unclear whether Plaintiff intended to name the Supreme Court of the State of New York as a separate Defendant. (*See* Compl. at 1, ECF No. 1.) In any event, as an agency of the State of New York, the Supreme Court of the State of New York is entitled to immunity under the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity").

1

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)).

3

Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").

Here, Plaintiff's allegations against Judge Caloras are related to a custody trial presided by the judge. Therefore, Judge Caloras is entitled to absolute immunity and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent Plaintiff sues Judge Caloras in his individual capacity seeking injunctive relief rather than damages, the complaint must also be dismissed. In 1996, Congress enacted the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." *See* 42 U.S.C. § 1983. The complaint does not allege that a declaratory decree was violated or any facts suggesting that declaratory relief was unavailable. In any event, "declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd,* 639 F. App'x 38 (2d Cir. 2016) (citing *Ashmore v. Prus,* No. 13–CV–2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013)). Because Plaintiff has not alleged a violation of a judicial decree or that declaratory relief was unavailable, his claims against the Judge Caloras must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Despite Plaintiff's *pro se* status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

In light of Plaintiff's litigation history,[2] Plaintiff is cautioned that this Court will not tolerate abuse of its judicial resources and that he may be subject to a filing injunction barring Plaintiff from filing new actions seeking *in forma pauperis* status without prior leave of this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed enter judgment, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                              /s/LDH
                                            LaShann DeArcy Hall
                                            United States District Judge

Dated: April 11, 2025
       Brooklyn, New York

---

[2] Plaintiff also filed three other actions at the same time. *See Saunders v. Sofola,* No. 23-cv-8731 (LDH) (TAM); *Saunders v. Legal Aid Society*, No. 23-cv-8732 (LDH) (TAM) and *Saunders v. District Attorney*, No. 23-cv-8734 (LDH) (TAM). Each of these actions have been determined to be without merit and will be dismissed by the Court by orders dated April 11, 2025. In addition, Plaintiff has four other actions pending: *Saunders v. McFarlane*, No. 23-cv-7097 (LDH) (TAM) (filed Sept. 14, 2023); *Saunders v. Bua*, No. 23-cv-7098 (LDH) (TAM) (same): *Saunders v. Queens Family Courthouse*, No. 23-cv-7099 (LDH) (TAM) (same)*; Saunders v. Center for Family Representation*, No. 23-cv-8921 (LDH) (TAM) (filed Nov. 29, 2023). These cases have also been determined to be without merit and have been dismissed by the Court.